**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHERLNELL LANE, ILIANA RIVERA HAVEN, and KEVIN SULLIVAN on behalf of all others similarly situated, | Case No. 25-cv-10880 |
| *Plaintiffs*, | Hon. Georgia N. Alexakis |
| v. | |
| CITY OF CHICAGO, | |
| *Defendant*. | |

**DEFENDANT CITY OF CHICAGO'S FED. R. CIV. P. 12(B)(1) AND (6)
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant the City of Chicago ("the City"), by its attorney, the Corporation Counsel of the City of Chicago, respectfully moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss Plaintiffs' Amended Complaint for lack of standing. In the alternative, the City respectfully moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. In support of this motion, the City states as follows:

1.      Plaintiffs, on behalf of themselves and all others similarly situated, allege that "inaccessible and unsafe conditions" in the City's pedestrian rights-of-way violate the Americans with Disabilities Act ("ADA") (Count I) and Section 504 of the Rehabilitation Act of 1973 (Count II). Am. Compl., Dkt 39, ¶ 7. According to Plaintiffs, the City has engaged in "discriminatory and unlawful policies and practices" with respect to constructing, altering, maintaining and repairing pedestrian rights of way; installing curb ramps; and providing accessible alternate routes to accommodate construction. *Id.* ¶ 10.

2.      The Amended Complaint should be dismissed in its entirety because Plaintiffs lack Article III standing to challenge pedestrian facilities through the entire City. Specifically, Plaintiffs have not plausibly alleged facts to establish personal knowledge of and intent to use every pedestrian facility in the City, totaling more than 7,400 miles of sidewalks, curb ramps, and crosswalks. Moreover, Plaintiffs lack standing to seek prospective injunctive relief as to the City's alleged failure to provide accessible temporary routes, because they identify no site that currently fails to comply with any identified regulation. Accordingly, the Amended Complaint should be dismissed pursuant to Rule 12(b)(1).

3.      Aside from Plaintiffs' lack of standing, the Amended Complaint also fails to state a claim upon which relief can be granted. First, Plaintiffs do not identify enforceable regulations governing most pedestrian facilities that they challenge. The only specific, binding regulation Plaintiffs cite is the requirement under Title II of the ADA that public entities install curb ramps when they construct or alter streets and sidewalks. *See* 28 C.F.R. § 35.151(i)(1). But Plaintiffs do not identify how that standard is violated as to specific curb ramps they actually seek to use.

4.      Counts I and II also fail because Plaintiffs erroneously characterize the City's pedestrian infrastructure as a single "program" and attempt to use that characterization to subject pedestrian facilities to a vague "readily accessible" standard. The plain text of the ADA and its regulations treat pedestrian infrastructure elements—including sidewalks, curb ramps, and crosswalks—not as "programs," but as "facilities." The Department of Justice's implementing regulations explicitly do not "require a public entity to make each of its existing *facilities* accessible to and usable by individuals with disabilities." 28 C.F.R. § 35.150(a)(1), (b)(1).

5.      Moreover, the Amended Complaint fails because, under the ADA and DOJ regulations, accessibility of new or altered facilities is evaluated with reference to specific design

2

standards, not the vague "readily accessible" standard on which Plaintiffs rely. 28 C.F.R. § 35.151(c). Application of the "readily accessible" standard to pedestrian facilities is also foreclosed by the Supreme Court's recent decision in *City and County of San Francisco v. EPA*, 604 U.S. 334 (2025), which confirms that Plaintiffs cannot enforce a vague statutory goal where Congress directed DOJ to implement that goal through concrete technical requirements.

6. Even accepting Plaintiffs' incorrect contention that program accessibility is the standard by which courts should evaluate pedestrian facilities, Plaintiffs offer only conclusory allegations that the City's pedestrian facilities, viewed as a whole, are not readily accessible. Such conclusory allegations fail to state a claim.

7. Finally, no private right of action exists that would allow Plaintiffs to seek a mandate that the City designate an ADA Coordinator and publish a Self-Evaluation and Transition Plan regarding the accessibility of the City's pedestrian rights of way. Accordingly, those claims should be dismissed with prejudice.

8. The parties have conferred and propose the following agreed briefing schedule for the City's motion to dismiss the Amended Complaint:

**Plaintiffs shall file their opposition on or before April 30, 2026.**

**The City shall file its reply on or before May 21, 2026.**

**WHEREFORE**, and for the reasons stated more fully in the City's memorandum in support of this motion, the City respectfully requests that the court dismiss Plaintiffs' Amended Complaint for lack of standing under Fed. R. of Civ. P. 12(b)(1) or, in the alternative, with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. of Civ. P. 12(b)(6).

3

Dated: April 2, 2026

Respectfully submitted,

MARY B. RICHARDSON-LOWRY
Corporation Counsel of the City of Chicago

By: */s/ Ellen Wight McLaughlin*
  Chief Assistant Corporation Counsel

ANDREW WORSECK
andrew.worseck@cityofchicago.org
ELLEN WIGHT MCLAUGHLIN
ellen.mclaughlin@cityofchicago.org
IVAN PARFENOFF
ivan.parfenoff@cityofchicago.org
ALEXANDRA GISELLE BELZLEY
alexandra.belzley@cityofchicago.org
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
2 N. LaSalle Street, Ste. 520
Chicago, Illinois 60602
(312) 744-7129 / 742-5147 / 744-4439 / 744-4216

MATTHEW PAYNE
mpayne@foxrothschild.com
JOHN HANSBERRY
jhansberry@foxrothschild.com
Fox Rothschild LLP
321 N. Clark Street, Ste. 1600
Chicago, IL 60654
(312) 517-9200
*Attorneys for Defendant City of Chicago*

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 2, 2026, the foregoing document was served on all counsel of record via the Court's ECF system.


/s/ *Ellen Wight McLaughlin*
Chief Assistant Corporation Counsel